105 A.3d 624

IN THE MATTER OF TERENCE S. BRADY, AN ATTORNEY
AT LAW (ATTORNEY NO. 008541988).

January 14, 2015.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 14–115, concluding that **TERENCE S. BRADY** of **FREEHOLD TOWNSHIP,** who was admitted to the bar of this State in 1988, and who has been suspended from the practice of law since June 11, 2011, should be suspended from practice for a prospective period of one year for respondent's unethical conduct in two matters, consisting of violations of *RPC* 5.5(a)(1) and *Rule* 1:20–16 (unauthorized practice of law), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Court this date having granted respondent's petition for review in respect of DRB 14–115, and having determined that a one-year term of suspension retroactive to the date of respondent's temporary suspension from practice is the appropriate quantum of discipline for respondent's unethical conduct;

And good cause appearing;

It is ORDERED that **TERENCE S. BRADY** is suspended from the practice of law for a period of one year, retroactive to June 6, 2011, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.